# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

WAGNER EQUIPMENT CO., a Colorado corporation,

    Plaintiff,

v.

NORTHERN NATURAL GAS COMPANY, a Delaware corporation,

    Defendant.

## COMPLAINT

Plaintiff, Wagner Equipment Co. ("Wagner"), by and through its undersigned counsel, for its Complaint against Defendant, Northern Natural Gas Company ("NNG"), states as follows:

### I. PARTIES

1. Wagner is a corporation organized and existing under the laws of the State of Colorado with a principal place of business located at 18000 Smith Road, Aurora, CO 80011. Wagner sells and rents Caterpillar machines used in heavy construction, building construction, mining, waste handling, paving, municipal and governmental applications, forestry and more throughout Colorado, New Mexico, and western Texas. Wagner also provides parts and repair service on Caterpillar equipment for its customers.

2. NNG is a corporation organized and existing under the laws of the State of Delaware and registered to do business in Nebraska with a principal place of business located at 111 South 103rd Street, Omaha, NE 68124. NNG owns and operates the largest interstate natural gas pipeline system in the United States, stretching across 11 states from Texas to Michigan, and

providing access to five of the major natural gas supply regions in North America. Among other aspects of its business, NNG provides natural gas transportation and storage service to utilities, energy marketing companies and industrial end users, and grid transportation between other interstate and intrastate pipelines.

3. According to NNG's records with the Secretary of State of Nebraska, NNG's registered agent is CT Corporation System, 5601 South 59th Street, Suite C, Lincoln, NE 68516.

## II.  JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000. The Court has supplemental jurisdiction over Wagner's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the District of Colorado pursuant to 28 U.S.C. 1391 as the wrongful acts that are the subject matter of this lawsuit injured Wagner in the District of Colorado and a substantial part of the events or omissions giving rise to Wagner's claims occurred in this District.

## III.  FACTUAL BACKGROUND

6. Wagner was engaged to supply two Caterpillar G3608 engines (the "Engines") for NNG's Paulina project. The procurement of the two Engines was confirmed by Purchase Order 4005147 dated December 28, 2021 (the "Purchase Order"), that was duly authorized and issued from UE Compression, LLC n/k/a Xebec Acquisition ("Xebec") to Wagner. A true and correct copy of the Purchase Order is attached hereto as **Exhibit 1**.

7. Xebec acted as the "middle man" in this transaction, with its role being to acquire the Engines from Wagner and to install the Engines into two Xebec natural gas compression

packages. Xebec did not modify the Engines; rather, Xebec simply made electrical, mechanical and cooling connections between the Engines and Xebec's natural gas compression package. Xebec then resold the Engines to NNG together with Xebec's natural gas compression package.

8. On information and belief, Xebec and NNG were parties to a written agreement under which NNG agreed to purchase from Xebec the same Engines that Wagner agreed to sell and deliver to Xebec. At all relevant times, NNG knew that the Engines it agreed to procure from Xebec were being sold and delivered by Wagner to Xebec, and that they were specifically intended for ultimate sale to and use by NNG.

9. NNG was known to each of NNG, Xebec and Wagner as a third party to the Purchase Order transaction at the time Xebec issued the Purchase Order to Wagner. Specifically, it was known by each of NNG, Xebec and Wagner at the time Xebec issued the Purchase Order to Wagner that the Engines ultimately would be delivered to and used by NNG as the end user. Each party understood that NNG would derive a benefit from Wagner fulfilling the Purchase Order and delivering the Engines to Xebec. Thus, NNG was a third-party beneficiary under the Purchase Order.

10. Confirming NNG's knowledge that it intended to derive a benefit from Wagner fulfilling the Purchase Order, NNG's personnel interacted directly with Wagner's personnel from the time the Purchase Order was issued until the Engines were delivered to Xebec on or about August 3, 2022. Among other topics of discussion, NNG specifically asked about and provided input regarding specifications of the Engines. For example:

- On April 19, 2022, NNG personnel contacted Wagner personnel directly by e-mail to inquire about certain specifications on the Engines, including whether the

- unit would include a wiring harness for the Modbus TCP/IP connection or a RJ45 connection.

- On April 19, 2022, NNG personnel contacted Wagner personnel directly by e-mail to inquire whether the antenna / radio could be removed and replaced with a non-radio option.

11.  NNG's intent in having these communications with Wagner was to ensure that the Engines would meet NNG's specific requirements for their intended use on NNG's Paulina project.

12.  On information and belief, Xebec delivered the Engines to NNG in late October 2022.

13.  On or about July 28, 2022, Wagner issued to Xebec Invoice No. B4727501 in the amount of $984,760.00 relating to one of the two Engines bearing Serial No. XH701754.  A true and correct copy of Invoice No. B4727501 is attached hereto as **Exhibit 2**.

14.  On or about July 28, 2022, Wagner issued to Xebec Invoice No. B4727601 in the amount of $981,380.00 relating to one of the two Engines bearing Serial No. XH701749.  A true and correct copy of Invoice No. B4727601 is attached hereto as **Exhibit 3**.  In accordance with the terms and conditions of the Purchase Order, payment was due to Wagner within 60 days of invoice date.  *See* Ex. A, Terms and Conditions of Purchase Order, ¶ 5.

15.  The total amount due for the Engines under both Invoice Nos. B4727501 and B4727601 is $1,966,140.00 (the "Past Due Balance").  As of the date of this Complaint, Wagner has not received payment for any portion of the Past Due Balance.

16. On September 29, 2022, Xebec initiated an insolvency proceeding under the Companies' Creditors Arrangement Act in Canada. As a result of that proceeding, a stay took effect immediately and automatically which precludes Wagner from pursuing any collection efforts against Xebec for the Past Due Balance.

17. It would be inequitable for NNG to pay Xebec, and for Xebec to retain payment from NNG, for the Engines under circumstances where Wagner supplied the Engines for the ultimate benefit of NNG, with the knowledge of each of NNG, Xebec and Wagner, and where Wagner is unable to seek payment from Xebec. As a third-party beneficiary, NNG is obligated to remit payment directly to Wagner for the amounts owed to Wagner under the Purchase Order and Invoice Nos. B4727501 and B4727601.

18. On December 8, 2022, Wagner issued written demand to NNG for payment of the Past Due Balance (the "Demand Letter"). A true and correct copy of Wagner's Demand Letter to NNG is attached hereto as **Exhibit 4**. To date, NNG has not responded to Wagner's demand nor remitted payment for any portion of the Past Due Balance.

19. As of the date of this Complaint, NNG owes Wagner the full Past Due Balance in the amount of $1,966,140.00.

20. The unpaid invoices also provide that Wagner shall be entitled to recover interest on any past due balance at a rate of 1.5% per month. *See* Exhibits B and C.

## COUNT I
### (Breach of Contract)

21. Wagner repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 20 of this Complaint.

5

22. NNG is in default because, as the end user of the Engines and a third-party beneficiary under the Purchase Order, it has not paid the amount due under the invoices issued pursuant to the Purchase Order.

23. NNG has breached its obligations under the Purchase Order by failing to remit payment on Invoice Nos. B4727501 and B4727601, which amount totals $1,966,140.00 plus interest.

24. Due to NNG's ongoing breach, Wagner has suffered and continues to suffer damages in an amount not less than $1,966,140.00, plus interest.

25. Wagner has complied with all its obligations under the Purchase Order and Invoice Nos. B4727501 and B4727601.

**WHEREFORE**, Plaintiff Wagner respectfully requests that this Court enter judgment in its favor and against NNG:

(a) awarding damages in favor of Wagner and against NNG in the amount of $1,966,140.00, plus interest; and

(b) granting such other and further relief as this Court deems fair and equitable.

## COUNT II
### (Quantum Meruit)

26. Wagner repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 20 of this Complaint.

27. Upon delivery of the Engines to NNG, NNG received goods that were provided by Wagner or incurred other costs on its account with Wagner.

6

28. At all pertinent times, NNG understood that Wagner expected payment for the Engines provided in connection with the Purchase Order and related invoices.

29. NNG failed to remit payment to Wagner for the Engines delivered to NNG in or about late October 2022.

30. As a result of NNG's failure to remit payment, NNG is liable to Wagner for the benefit conferred upon it by the provision of the goods provided in connection with the Purchase Order and related invoices.

31. As a direct result of NNG's failure to tender full payment to Wagner for the value of the goods provided in connection with the Purchase Order and related invoices, Wagner has suffered damages.

32. Due to NNG's failure to make full payment to Wagner in an amount representing the value of the benefit conferred upon NNG for the goods, which amount is not less than $1,966,140.00, exclusive of interest, NNG has benefitted and has been unjustly enriched at the expense of Wagner.

**WHEREFORE**, Plaintiff Wagner respectfully requests that this Court enter judgment in its favor and against NNG:

    (a) awarding damages in favor of Wagner and against NNG in the amount of $1,966,140.00, plus interest; and

    (b) granting such other and further relief as this Court deems fair and equitable.

## COUNT III
### (Unjust Enrichment)

33. Wagner repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 20 of this Complaint.

34. NNG has failed to pay Wagner the amount of $1,966,140.00, exclusive of interest, despite due demand made by Wagner.

35. Wagner has complied with all its obligations under the Purchase Order executed for the benefit of NNG and Invoice Nos. B4727501 and B4727601.

36. As a result of NNG's failure to honor its obligations to Wagner, NNG has been unjustly enriched in an amount that is not less than $1,966,140.00, exclusive of interest.

**WHEREFORE**, Plaintiff Wagner respectfully requests that this Court enter judgment in its favor and against NNG:

(a)    awarding damages in favor of Wagner and against NNG in the amount of $1,966,140.00, plus interest; and

(b)    granting such other and further relief as this Court deems fair and equitable.

## COUNT IV
### (Account Stated)

37. Wagner repeats, realleges, and incorporates by reference the allegations in paragraphs 1 through 20 of this Complaint.

38. Wagner has performed all its obligations under the terms of the Purchase Order by tendering delivery of the Engines to Xebec which, in turn, tendered delivery of the Engines to NNG.

39. Wagner forwarded invoices to Xebec detailing the amounts due to Wagner under the Purchase Order.

40. Wagner notified NNG of the total amount due under the Purchase Order by sending the Demand Letter which detailed the amounts due under the Purchase Order and Invoice Nos. B4727501 and B4727601.

41. As evidenced by the Purchase Order, Xebec agreed to pay for the Engines for which NNG was an intended beneficiary.

42. NNG agreed to pay Xebec for the Engines and understood that, in turn, Xebec would be obligated to pay Wagner for the Engines.

43. Xebec has failed to pay Wagner the outstanding amount of $1,966,140.00, exclusive of interest, despite due demand made by Wagner. Similarly, NNG, as the intended beneficiary of Wagner's delivery of the Engines under the Purchase Order, has failed to pay Wagner the outstanding amount of $1,966,140.00, exclusive of interest, despite due demand made by Wagner.

44. As a result of NNG's failure to pay, an account was stated between Wagner and NNG showing a balance of $1,966,140.00, exclusive of interest.

45. No other proceeding other than this action has been commenced to recover this debt.

46. Wagner is entitled to judgment from NNG in the outstanding sum of $1,966,140.00, exclusive of interest.

**WHEREFORE**, Plaintiff Wagner respectfully requests that this Court enter judgment in its favor and against NNG:

   (a)  awarding damages in favor of Wagner and against NNG in the amount of $1,966,140.00, plus interest; and

   (b)  granting such other and further relief as this Court deems fair and equitable.

Dated at Denver, Colorado, this second day of February 2023.

                */s/ Rudy E. Verner*
                **Rudy E. Verner**
                **Andrew C. Fischer**
                BERG HILL GREENLEAF RUSCITTI LLP
                1712 Pearl St.
                Boulder, CO 80302
                Telephone: (303) 402-1600
                E-mail: rev@bhgrlaw.com

                **Jason M. Torf** (admission pending)
                TUCKER ELLIS LLP
                233 S. Wacker Dr.
                Suite 6950
                Chicago, Illinois 60606-9777
                Telephone: (312) 256-9432
                E-mail: jason.torf@tuckerellis.com

                *Attorneys for Plaintiff Wagner Equipment Co.*